1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HICKS, CDCR No. B-80852, | Case No.: 3:20-cv-00217-CAB-BLM |
| Plaintiff, | **ORDER:** |
| vs. | **(1)  GRANTING MOTION FOR RECONSIDERATION [Doc. No. 7];** |
| RALPH DIAZ, et al., | |
| Defendants. | **(2)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; and** |
| | **(3)  DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)** |

On February 3, 2020, Michael Hicks ("Plaintiff") currently incarcerated at R.J. Donovan State Prison ("RJD"), filed a civil action pursuant to 42 U.S.C. § 1983, together with a motion to proceed in forma pauperis. The Court denied Plaintiff's Motion to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915(g), finding that Plaintiff had "three strikes" because "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be

1

granted." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (stating that § 1915(g) is "commonly known as the 'three strikes' provision") (hereafter "*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP ["in forma pauperis"]," unless he or she "faced 'imminent danger of serious physical injury' at the time of filing." *King*, 398 F.3d at 1116 n.1; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*"). The Court also determined Plaintiff had not established he was in "imminent danger of serious physical injury." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

On July 6, 2020, Plaintiff filed a timely Motion for Reconsideration in this Court and a Notice of Appeal in the Ninth Circuit. ECF Nos. 7-8. Because Plaintiff timely filed his Motion for Reconsideration, the Ninth Circuit issued an Order noting that Plaintiff's Notice of Appeal was filed while the Motion for Reconsideration was pending and thus the Notice of Appeal was ineffective. *See* ECF No. 8, citing Fed. R. App. P. 4(a)(4). The Ninth Circuit is now holding Plaintiff's appeal in abeyance pending resolution of Plaintiff's Motion for Reconsideration. *See id.* at 1 (citing *Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444, 445 (9th Cir. 1994)).

## I.    Motion for Reconsideration

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev.

2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

In support of his Motion, Plaintiff presents new evidence suggesting he is currently facing "imminent danger of serious physical injury." *King*, 398 F.3d at 1116 n.1; *Cervantes*, 493 F.3d 1052; *Ybarra,* 656 F.3d at 998. He alleges that while this case was being screened pursuant to the Prison Litigation Reform Act ("PLRA"), he "became aware [that] several inmates on 'C' Facility were making indirect threats of harm toward Plaintiff," which he reported to his correctional counselor. *See* Mot. for Reconsid., ECF No. 7 at 2. Plaintiff further claims that on April 19, 2020, he was "sliced with a razor blade across his throat area by a fellow inmate who labeled Plaintiff a sex offender based on knowledge gleaned from the prison's inmate law library computer." *Id.* Plaintiff reported the incident the next day and he was placed in the Administrative Segregation Unit ("ASU") for his protection while an investigation was conducted. *Id.* at 3. The investigation concluded that "[Hicks] is being targeted for assault by identified inmates due to his commitment offense," and that "[Hicks's] claims were substantiated and [he] should not be released back to FAC C." *Id.* at 7.

Based upon these newly articulated facts, which were not included in Plaintiff's Complaint but which plausibly show that he faced an "ongoing danger" of serious physical injury at the time of filing, *see Cervantes*, 493 F.3d at 1057, the Court **GRANTS** Plaintiff's Motion for Reconsideration.

## II. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id*

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce,* 136 S. Ct. at 629; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted certified copies of his CDCR Inmate Statement Report showing his trust account activity at the time of filing, as well as a Prison Certificate signed by a RJD Accounting Officer attesting as to his monthly balances and deposits. *See* ECF No. 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff had no monthly deposits to his account, maintained an average balance of zero in his account over the six month period preceding the filing of his current Complaint, and had no available funds to his credit at RJD as of February 3, 2020. *See id.*; 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or

criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## III.   Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing," and ideally before the service of process upon any Defendant. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915[] is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

/ / /

5

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Plaintiff's Allegations

Plaintiff alleges that on June 10, 2019, while he was housed at Salinas Valley State Prison ("SVSP"), he learned that fellow inmate Sanchez had "discovered Plaintiff's commitment [offenses] of rape, oral copulation and kidnapping by accessing the 'D' facility inmate law library computer database." *See* Compl., ECF No. 1 at 12. Plaintiff wrote a letter to Deputy Attorney General Erik Guttierez informing him of the situation

with Sanchez and asking him to request an investigation into the matter. *Id.* at 12-13; Plaintiff's Ex., ECF No. 4 at 28-29. On July 30, 2019, Plaintiff was attacked by inmate Mickler who lived in the same housing unit as Sanchez. *See* Compl. at 13. After the attack, Mickler told Plaintiff, "Everyone knows you're a sex offender." *Id.* Plaintiff was placed in Administrative Segregation ("Ad-Seg") for his safety. *Id.* at 13-14.

On August 5, 2019, Plaintiff filed a grievance asking for an investigation into why and how the letter he claims AG Gutierrez faxed to SVSP's Litigation Coordinator did not arrive, and to "be permitted to identify several inmates and have them listed as confidential enemies." See Compl., at 13; Plaintiff's Ex., ECF No. 4 at 32-33. Plaintiff was later transferred to High Desert State Prison ("HDSP"). *See* Compl. at 15. His grievance was apparently denied, but his appeal was partially granted on September 6, 2019; he was told that his request for an investigation was denied, but that an inquiry had been conducted and he was permitted to place Sanchez and Mickler on his "enemies" list. *Id.*; Plaintiff's Ex., ECF No. 4 at 33-34. When Plaintiff appealed to the Third Level of Review, Appeals Examiner K.Z. Allen informed him that his appeal had been cancelled because the issue had been resolved. *See* Compl. at 15; Plaintiff's Ex., ECF No. 4 at 35. The letter was cc'd to the Appeals Coordinators at HDSP, SVSP and RJD. Plaintiff's Ex., ECF No. 4 at 35. Plaintiff was eventually transferred to RJD, where he is currently incarcerated. *See* Compl. at 1.

In his Complaint, Plaintiff contends that "the unfiltered use of the Lexis/Nexis database on [prison] inmate library computers" violates various provisions of the California Penal Code and creates a "severe risk of imminent harm to his personal safety in violation of his Eighth Amendment right[s]." *See* Compl. at 10. He asks for an injunction preventing defendants "from using an unfiltered Lexis/Nexis database," and to be "referred to the department review board (DRB) for out-of-level override at CMC-E or CMF." *Id.* at 7. He also asks for damages, punitive damages, and other relief "TBD" (to be determined). *Id.*

///

///

C.   42 U.S.C. § 1983

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.   Eighth Amendment Claims

The Eighth Amendment requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'" *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] . . . to protect prisoners from violence at the hands of other prisoners."); *see also Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. "In *Wilson v. Seiter*, [the Supreme Court] rejected a reading of the Eighth Amendment that would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions." *Id.* at 838 (citing *Wilson*, 501 U.S. 294, 299-302 (1991)). General allegations "which amount to little more than positing that prisons are dangerous places, … are insufficient to state an Eighth Amendment claim." *Curry v. California Dep't of Corr. & Rehab.*, No. C 09-3408 MHP (PR), 2010 WL 546778, at *2 (N.D. Cal. Feb. 10, 2010). Thus, a prison official's failure to protect an inmate violates the Eighth Amendment only when "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

To satisfy the first objective pleading requirement, the prisoner must allege sufficient factual content to plausibly "'show[] that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 834); *see also Disability*

*Rights Montana, Inc. v. Batista*, 930 F.3d 1090, 1097 (9th Cir. 2019). To satisfy the second subjective pleading requirement, he must also "plead factual content" to show that each defendant was aware of facts from which the inference could be drawn that a substantial risk of harm existed, and that each also drew and disregarded that inference. *Iqbal*, 556 U.S at 678; *Farmer*, 511 U.S. at 837; *Disability Rights Montana, Inc.*, 930 F.3d at 1097.

Labeling an inmate a "snitch" or informant can state a claim under § 1983 "for denial of the right not to be subjected to physical harm by employees of the state acting under color of law." *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989); *Comstock v. McCrary*, 273 F.3d 693, 699 n.2 (6th Cir. 2001) (noting that prisoner labeled a snitch could become a target for other prisoners' attacks); *McPherson v. Beckstrom*, 2011 WL 13649, at *4 (E.D. Ky. Jan. 4, 2011) ("Courts have long held that prison officials who identify an inmate as a 'snitch' to other inmates, with intent to provoke an assault or the fear of assault, demonstrate deliberate indifference to the inmate's safety and may be liable under the Eighth Amendment.") (citations omitted). The same is true when prisoners are labeled as sex offenders. *See Radillo v. Lunes*, 2008 WL 4209824, at *2 (E.D. Cal. Sept. 8, 2008) (denying summary judgment on failure to protect claim where plaintiff showed that he was exposed to a serious risk of being assaulted based on defendant's alleged statements to inmates that plaintiff engaged in a homosexual act); *Funtanilla v. Tristan*, 2008 WL 2509725, at *13 (E.D. Cal. June 23, 2008) (finding that plaintiff's allegations that prison officials repeatedly referred to him as a sex offender in front of other inmates, causing him to be assaulted, were sufficient to state a failure to protect claim under the Eighth Amendment); *see also Tipton v. Guice*, 2020 WL 3949226, at *5 (D. Nev. Apr. 29, 2020).

As currently pleaded, however, Plaintiff's Complaint fails to allege that any of the named Defendants labeled him as a sex offender. Nor does he allege facts sufficient plausibly show that the Defendants he seeks to sue knew of and disregarded any known or obvious excessive risk to his safety, failed to take reasonable steps to abate such a risk, or are the cause of any injury. *Farmer*, 511 at 837; *see also Estate of Brooks ex rel. Brooks v.*

3:20-cv-00217-CAB-BLM

*United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

For example, Plaintiff alleges that Defendant Allen, a CDCR Appeals Examiner, cancelled his appeal on behalf of Defendant Diaz, the Secretary of the CDCR, after he was placed in Ad-Seg at SVSP, and later transferred to HDSP. *See* Compl. at 15. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim). "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks,* 197 F.3d at 1248.

Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible Eighth Amendment claim on the part of either Defendants Allen or Diaz. Supervisory officials may be held liable under § 1983 only if Plaintiff alleges their "personal involvement in the constitutional deprivation, or … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). Thus, to the extent Plaintiff's allegations imply that he seeks to hold Allen and Diaz liable for failing to ensure his safety simply because appeals directed to them via the inmate grievance procedure while he was incarcerated at SVSP or HDSP

"should have" made them "aware of [a] risk, but [did] not," he fails to satisfy the subjective component of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 837, 838 (noting that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

Plaintiff's Complaint suffers from a similar deficiency with regard to Defendant Does 1 through 4, whom Plaintiff claims are Appeals Coordinators at HDSP, SVSP, and RJD respectively. *See* Compl. at 8. Plaintiff makes no specific allegations regarding acts or omissions these Does personally committed which resulted in his Eighth Amendment rights being violated. Indeed, it appears Does 1 through 4 are named as Defendants simply because they were cc'd on Defendant Allen's letter denying Plaintiff's Third Level Appeal. *See* Plaintiff's Ex., ECF No. 4 at 35. As discussed above, § 1983 requires Plaintiff to allege facts sufficient to plausibly show that there is a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire*, 726 F.3d at 1074-75; *Starr*, 652 F.3d at 1205-08. Plaintiff has pled no such link, and thus the Court must sua sponte dismiss Defendants Does 1 through 4 based on his failure to state a plausible Eighth Amendment Claim against them.

E.     Due Process Claims

Plaintiff also alleges Defendant Allen "deprived [him] of his procedural due process of full administrative review of his grievance" by cancelling his appeal. *See* Compl. at 10-11. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To the extent Plaintiff faults Allen for cancelling his grievance on grounds that it had been resolved as a result of his transfer from SVSP to HDSP, and ultimately to RJD, *see* Compl. at 15, his allegations, without more, are insufficient to support any claim for relief under § 1983. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850,

860 (9th Cir. 2003)  (citation omitted); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [...] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."). Simply put, "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Accordingly, the Court also sua sponte dismisses Defendant Allen for failure to state a plausible due process claim against him. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

## IV.   Conclusion and Order

Based on the foregoing, the Court:

1.   **GRANTS** Plaintiff's Motion for Reconsideration (Doc. No. 7).

2.   **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2).

3.   **DIRECTS** the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

5.      **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6.      **DIRECTS** the Clerk of Court to promptly notify the Ninth Circuit Court of Appeals of the determinations made by this Order in reference to Plaintiff's NOA (Doc. No. 8) in USCA Case No. 20-55689.

**IT IS SO ORDERED**.

Dated:  July 20, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge